UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OTONIEL GOMEZ, | ) |
| Petitioner, | ) |
| v. | ) No. 4:24-CV-00136 HEA |
| JENNIFER CLEMONS-ABDULLAH, | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is petitioner Otoniel Gomez's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Because petitioner paid the $5.00 filing fee, the Court will deny the motion to proceed in forma pauperis as moot. Additionally, the Court will deny and dismiss the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 due to petitioner's failure to exhaust his state court remedies.

**Background**

Petitioner is a state pretrial detainee, and he is currently incarcerated at the St. Louis City Justice Center in St. Louis, Missouri. He filed the instant application for writ of corpus brought pursuant to 28 U.S.C. § 2241 seeking review of his denial of bond in his criminal action in St. Louis City Court. *See State v. Gomez*, No. 2322-CR00261-01 (22nd Jud. Cir., St. Louis City Court).

According to the publicly available records published on Missouri Case.Net, petitioner is charged with the following four counts: rape in the first degree; sodomy in the first degree; kidnapping in the first degree; and two counts of assault in the first degree. He is represented by counsel, and the matter is set for jury trial on June 17, 2024. The Court takes judicial notice of

these public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

Petitioner's averments in the petition are conclusory at best, and confusing at worst. As best the Court can tell, petitioner seeks a writ of habeas corpus on the grounds that although he has sought to be released on bail on three occasions, he has been denied bail each time.

From review of Missouri Case.Net, it appears that petitioner was charged by criminal complaint on February 14, 2023, with rape in the first degree, sodomy in the first degree and kidnapping in the first degree. *See State v. Gomez*, No. 2322-CR00261-01 (22nd Jud. Cir., St. Louis City Court). At the initial appearance and detention hearing held on February 22, 2023, defense counsel entered his appearance and argued for release from custody, but the Circuit Judge ordered that petitioner be detained with no bond due to the nature of the offense and seriousness of the crime.

In the probable cause statement attached to the criminal complaint, Detective Chris Lovelady-Armstrong testified:

> On January 6th, 2023, Victim and Defendant met for the first time after speaking on Facebook. Victim had a single drink, at which point she began to experience intermittent problems with memory formation. She recalls the Defendant forcing her to perform oral sex on him, the Defendant grabbing her hair and spinning her, and the Defendant having sex with her. When the Victim regained full faculties, she attempted to leave, at which point the Defendant refused to let her leave and began screaming at her. Victim eventually talked the Defendant into letting her leave the location.

*Id.*

An indictment was filed on April 25, 2023, charging petitioner with rape in the first degree, sodomy in the first degree, kidnapping in the first degree and two counts of assault in the first degree. Petitioner waived his indictment, but once again, petitioner was denied bond. *Id*. On January 24, 2024, petitioner's third motion for bond was heard by the Honorable Katherine Fowler,

2

and she again denied bond. The basis for denying bond was that "no combination of monetary or non-monetary conditions [could] ensure the safety of the community, victims and witnesses and secure the appearance of the defendant at trial." *Id.*

Despite seeking release on three separate occasions and having his request for release denied, petitioner asks this Court to review the findings of the Honorable Katherine M. Fowler. He claims that he has not seen his arrest warrant, even though he does not contest he had a detention hearing on February 22, 2023. Petitioner also takes issue with being arrested by Detective Lovelady-Armstrong on February 10, 2023, asserting that he was intoxicated at the time of his arrest, and he had difficulty understanding why he was being arrested.[1]

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of the Petition under Rule 4, the Court concludes that, regardless of whether Petitioner challenges his ongoing state prosecution or ongoing federal prosecution, it plainly appears that he is not entitled to relief.

To the extent petitioner can be understood to challenge his ongoing state prosecution, he cannot establish entitlement to relief because he has failed to show that he exhausted his state

---

[1] Petitioner's booking sheet, however, clearly indicates that he was charged with rape in the first degree at the time he was arrested. Unfortunately, issues relating to petitioner's arrest need to be addressed in his state court criminal action.

3

remedies with respect to any claim he can be understood to bring. Although the language of § 2241 does not contain an exhaustion requirement, "a petitioner seeking relief from state custody by means of a state writ of habeas corpus is ordinarily required to exhaust his state remedies." *Sacco v. Falke*, 649 F.2d 634, 635-36 (8th Cir. 1981); *see also Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases and stating that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner").

Generally, state remedies are not considered exhausted if an individual may effectively present his claims in state court by any currently available and adequate procedure. A prisoner can only avoid the exhaustion requirement if he can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and that in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Here, petitioner does not establish, and independent inquiry does not show, that he exhausted his state remedies before filing the instant petition regarding any claim he can be understood to bring, including any claim related to his requests for bond. The state court can resolve these claims either through his counsel, by petitioner filing additional motions with the Circuit Court, or if his motion continue to be denied, by pursuing remedies in the Missouri Court of Appeals. As such, adequate state court remedies currently exist for petitioner, and he does not assert any special circumstances excusing his failure to exhaust these remedies.

## Conclusion

To the extent petitioner challenges his ongoing state criminal proceedings, it appears he has currently available and adequate state court remedies to raise his claims. Petitioner has not shown, nor does it appear, that there are any exceptional circumstances that would allow him to bypass the normal procedure for raising such claims. Therefore, to the extent petitioner can be understood to challenge his ongoing state prosecution, he cannot satisfy the exhaustion requirement with respect to any of the claims he can be understood to bring. Therefore, relief under § 2241 is unavailable to petitioner at this time.

To the extent petitioner wishes to pursue claims relating to the conditions of his confinement at the St. Louis City Justice Center, petitioner will need to file a separate action pursuant to 42 U.S.C. § 1983. The Court will instruct the Clerk to provide petitioner with a prisoner civil rights complaint form for doing so.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion seeking leave to proceed in forma pauperis [ECF No. 4] is **DENIED AS MOOT as petitioner has paid the $5.00 filing fee**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED** and **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that to the extent petitioner is seeking relief under 42 U.S.C. § 1983, those claims are **DENIED AND DISMISSED** in this action. Petitioner may bring a separate action if he wishes to seek relief for those claims.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner a prisoner civil rights complaint form and application to proceed in the district court without prepaying fees and costs.

Dated this 21st day of February, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE